IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEIGH, | No. C 06-02947 CRB |
| Petitioner, | **ORDER RE: MOTION TO DISMISS** |
| v. | |
| ANTHONY KANE, Warden, | |
| Respondent. | |

Petitioner Kevin Leigh was sentenced to 15 years to life imprisonment following a plea to second-degree murder. In November 2003, the Board of Parole Hearings found petitioner suitable for release and granted him parole. The following year California's Governor reversed the Board's findings and denied petitioner parole. This petition for habeas corpus arises from the Governor's decision. Now pending before the Court is Respondent's motion to dismiss for failure to exhaust state remedies.

## BACKGROUND

Petitioner pled guilty to second-degree murder pursuant to a plea agreement and was sentenced to 15 years to life. He first became eligible for parole in October 1995. The first five times petitioner was eligible for parole, the Board denied parole. After the sixth parole hearing, the Board granted petitioner a parole date. The following year, however, the Governor of California reversed the Board's decision and denied petitioner parole.

Petitioner contends that the denial was based solely on the circumstances of the crime, and not on his conduct since he pled guilty, conduct which everyone, including the Governor, believes has been exemplary, and that such denial violated his constitutional rights.

## EXHAUSTION OF STATE REMEDIES

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988).

While the exhaustion requirement is not jurisdictional, but rather a matter of comity, see Granberry v. Greer, 481 U.S. 129, 133-34 (1987), a district court may not grant the writ unless state court remedies are exhausted or there are exceptional circumstances. 28 U.S.C. § 2254(b)(1); see also Edelbacher v. Calderon, 160 F.3d 582, 585 (9th Cir. 1998) (requiring "extremely unusual circumstances");

To comply with the fair presentation requirement, a claim must be raised at every level of appellate review; raising a claim for the first time on discretionary review to the state's highest court is insufficient. Casey v. Moore, 386 F.3d 896, 918 (9th Cir. 2004) (holding that where petitioner raised federal constitutional claim only on appeal to the Washington State Supreme Court, the claim was not fairly presented).

It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. See Picard v. Connor, 404 U.S. 270, 277 )1971). State courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1158 (9th Cir. 2003) (holding that a federal claim can be fairly presented by citation to state cases analyzing the federal issue); <u>Lyons v. Crawford</u>, 232 F.3d 666, 669-70 (9th Cir. 2000), <u>amended</u>, 247 F.3d 904 (9th Cir. 2001).

**DISCUSSION**

Respondent identifies several "claims" he contends were not properly exhausted. The Court will review each below.

1. Petitioner has adequately exhausted his claim with respect to the effect of his plea agreement on his eligibility for parole; he argued to the California Supreme Court that the government was contractually bound by the plea agreement. While he did not specifically argue that the District Attorney breached the plea agreement by opposing parole based on the nature of the crime, this argument is inherent in his contention that the State is bound by the plea agreement.

2. Petitioner also sufficiently exhausted his ex post facto claim. The Court is not aware of any law that requires a petitioner to cite in his state court petition all the cases on which he intends to rely during federal habeas proceedings.

3. The Court does not understand petitioner's argument as to the California Supreme Court's decision in <u>In re Dannenberg</u>, 34 Cal. 4th 1061 (2005) to be a separate claim; rather, it is his argument as to why the state court misapplied clearly established federal law.

4. Again, the Court does not read the Petition as presenting a separate "vagueless" claim; instead, the challenged "claim" is part of Petitioner's argument that the Governor improperly denied parole based solely on the circumstances of the crime.

5. This claim is the same as that presented in no. 4 above. Petitioner's arguments about a parole denial having to be based on in-prison behavior and that he is suitable for parole because he meets each and every one of the regulatory factors in support of suitability are also part of the same overarching argument that his constitutional rights were violated when

the Governor reversed the parole board's decision based solely on circumstances of the crime that are not set forth in the plea agreement.

6.  In his opposition petitioner concedes that he is not making a separate claim based on the alleged untimeliness of the Governor's parole reversal; rather, he contends that he pointed out the untimeliness as part of his ex post facto argument. Accordingly, the Court construes the Petition as <u>not</u> making a claim that Petitioner's constitutional rights were violated because the Governor reversed the parole board's decision after the time provided by law. In other words, petitioner's argument that "the Governor's reversal cannot be held as timely, and should not stand," based on the Governor having lost jurisdiction of petitioner's case two days before the Governor's decision was served on petitioner, Petition at 3, is DISMISSED.

In all other respects the motion to dismiss is DENIED. The Court will consider the petition on its merits, except for any claim that the Governor's decision was untimely. However, as the Petition and Memorandum of Points and Authorities do not appear to always match with respect to the claims being made, and as it is difficult for the Court to discern exactly what claims Petitioner makes, the Petitioner is ordered to file a brief written summary of his claims. The summary should number each claim and describe the claim in one paragraph or less. He need not make arguments in support of the claims, he need only identify the claims. Such a summary will assist the Respondent in answering the claims and the Court in deciding this habeas petition.

Petitioner shall file his written summary on or before January 26, 2006. Respondent shall file his answer within 30 days of the filing of petitioner's summary.

**IT IS SO ORDERED.**

Dated: Dec. 18, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE